[No. 16772. Department One. April 27, 1922.]

NORMAN ARNESON, *Appellant,* v. WILLIAM COPEMAN, *as Executor etc., Respondent.*[1]

FRAUD (22)—EVIDENCE—SUFFICIENCY. Obscurity in the language of a written contract is not alone sufficient to establish fraud, in the absence of any evidence of overreaching.

EXECUTORS AND ADMINISTRATORS (154) — ACTIONS — JUDGMENT— LIEN. In an action against an executor to recover money collected by the decedent under an agreement on the sale of mining claims, contemplating also an incorporation of a company and a further payment in stock, the plaintiff is not entitled to have the judgment recovered declared a specific lien on the money of the estate, in the absence of proof of fraud, and cannot ask more than the establishment of a lien against decedent's interest in the mining claims, no company having been formed or stock delivered.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 15, 1921, in favor of the plaintiff, in an action to enforce claims against the estate of a decedent, tried to the court. Affirmed.

*Charles Grant,* for appellant.
*Cordiner & Cordiner,* for respondent.

FULLERTON, J.—In May, 1918, the appellant, Arneson, and one John Copeman and one J. P. Nelson,

[1]Reported in 206 Pac. 355.

located certain mining claims in the states of Idaho and Montana, the parties owning the claims in equal moieties. In June of the same year the appellant gave John Copeman a power of attorney authorizing Copeman to sell his interests in the claims. In August, 1919, Copeman sold the appellant's interests to one Haguewood for one thousand dollars, receiving one hundred dollars in cash and taking four separate promissory notes, payable on different dates, to evidence the deferred payments. Subsequently the appellant indorsed the notes, making them payable to Copeman. At the time of this indorsement, namely, on September 1, 1919, the appellant and Copeman entered into a written agreement in which it is recited that the appellant "has this day received the sum of five hundred dollars to be paid according to the terms of four promissory notes for quit claim deed" to the mining claims, and that it is the intention of the parties to form a corporation and turn over the mining claims for stock therein, and that when said corporation is organized the appellant "shall receive five thousand shares of the capital stock of said corporation in addition to the money heretofore paid him, as hereinabove stated." Subsequent to this agreement, three of the notes indorsed by the appellant to Copeman were paid. This money Copeman appropriated to his own use. The contemplated corporation was never organized.

On February 24, 1920, John Copeman died, leaving a will in which he named his brother, William Copeman, as executor of his estate. The will was probated in the superior court of Spokane county, and subsequent thereto the appellant brought the present action against the estate, seeking a recovery of the sums collected by Copeman on the purchase price of the mining claims and the recovery of the unpaid note; seeking further to have the money judgment which should be

awarded him declared a preferred lien upon the money in the possession of Copeman at the time of his death. The cause was tried before the court sitting without a jury, and resulted in a judgment in favor of the appellant for the sum of five hundred dollars. The court refused to declare the judgment a specific lien on the money, but in lieu thereof adjudged it to be a lien on the estate's interest in the mining claims. The appeal is from the refusal of the court to enter a judgment according to the prayer of the complaint.

The appellant contends that he was induced by the fraud of John Copeman to indorse to him the notes given as the purchase price of the mining claims, and that, in consequence, he is entitled to recover the full amount of the purchase price, rather than the one-half thereof which the court awarded. But we agree with the trial court that there was not sufficient evidence to substantiate the charge of fraud. The charge is based principally upon the language of the mutual written agreement entered into at the time the notes were indorsed. But while this language is obscure and evidently does not very accurately disclose the actual agreement between the parties, this condition alone is not sufficient to support a charge of fraud. There is nothing to show that the appellant did not as fully understand the nature of the writing as did Copeman, and nothing, of course, to indicate that the latter induced the appellant to execute it by any form of overreaching.

Owing to the nature of the case, the evidence was very meager. Copeman having died, the appellant was precluded by the statute from testifying orally to any transaction had with him. He was thus able to show only the surrounding circumstances, the fact that he indorsed the notes to Copeman, and the mutual execution of the writing entered into at the time the notes

were so indorsed. This evidence, in our opinion, does not warrant a more favorable judgment in favor of the appellant than the court awarded him.

The other contention is that the court erred in refusing to make the judgment awarded a lien upon the specific money of which Copeman died possessed. This contention is founded on the claim that the money was money received from the collection of the indorsed notes. But this circumstance furnished no ground for the specific relief asked. What would have been the appellant's rights in this regard had it been shown that the notes were obtained from him through fraud, we need not consider. In the absence of such proofs, money collected on the notes differed in no respect from money received by Copeman from any other source.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.